[Note. Cases cited under this title will be found arranged alphabetically under the names of the corporations; e. g. "Corporation of Georgetown v. Bank of the United States. See Georgetown v. Bank of the United States."]

---

## Case No. 3,252.

### CORPS v. ROBINSON et al.

[2 Wash. C. C. 388.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1809.

WITNESS—INTEREST—PRIVILEGE — EVIDENCE—ACCOUNTS PRODUCED ON NOTICE — ACKNOWLEDGMENT OF DEBT BY PARTNER — PROOF OF PARTNERSHIP.

1. In an action for the recovery of a debt, said to be due by the defendant, as the dormant partner of B. and A., a person who is a creditor of the partnership, is not a competent witness to prove the defendant a dormant partner in the firm indebted to him.

2. There is no objection to the examination of the head clerk of one of the parties, for he has no privileges like those of an attorney.

3. Where accounts have, on notice from the plaintiff to the defendant to produce them, been delivered to the plaintiff, and retained by him, and without objection, the defendant may insist on their being read on the trial of the cause.

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

4. The acknowledgment of a debt by one partner, will bind another partner, after the partnership is proved; but it is not sufficient or proper to be given in evidence to prove a partnership.

[Cited in Winship v. Bank of U. S., 5 Pet. (30 U. S.) 574; Bispham v. Patterson, Case No. 1,441.]

This suit was brought to recover from the defendants, Robinson & M'Clure, the amount of one out of three notes, due from Barker & Annesley, for ninety-six hogsheads of tobacco, sold to them by the plaintiffs, upon the ground that the defendants were dormant partners with Barker & Annesley in that purchase, and were to share in profit and loss. The two first notes were paid by Barker & Annesley, before their failure. Mr. Cope, the voluntary assignee of Barker & Annesley, was sworn in chief; and after having given some part of his evidence, he stated that he was a creditor of Barker & Annesley, and considered himself interested in fixing this debt upon the defendants. He was then objected to by the defendants on this ground.

PETERS, District Judge, considered the witness as incompetent, upon the ground of interest; because, although, as it was said by the plaintiff's counsel, if the plaintiff recover against the defendants, the defendants will become creditors of Barker & Annesley, instead of the plaintiff, still, they will not be creditors for so large an amount; and, consequently, will not diminish the fund out of which the witness can expect to be paid, as much as if the plaintiff should recover. For the plaintiff, if he should be obliged to seek payment from the estate of Barker & Annesley, would receive his dividend on his entire claim, whereas, should the recovery be had of the defendants, on the ground of a partnership, the defendants could only receive a dividend on one-half, they being, as partners, bound to pay the residue themselves.

WASHINGTON, Circuit Justice, was of the same opinion, as to the incompetency of the witness, and concurred in the reason assigned by Judge Peters. He stated another reason, which was, that it did not, and could not now appear, that the defendants would, in case of a recovery against them, be entitled to diminish the fund, out of which the witness expected to be paid, a single dollar; because the defendants could not come in, as a creditor, upon the separate estate of Barker & Annesley, except for any balance, which, upon a settlement of accounts, might be due to them; as to which, the court cannot now say that any such

balance would be due. So far as the evidence has gone, it appears that Barker & Annesley paid two of the notes given for this tobacco, and as to this transaction, the defendants, if partners, would be debtors to Barker & Annesley. The plaintiff called upon the head clerk of the defendants to communicate what he knew of the partnership, which was objected to by the defendants' counsel, on the ground, that he, no more than an attorney, ought to be compelled to disclose the secrets of his principal.

BY THE COURT. It is certainly a very unpleasant thing, to compel a person, standing in the situation of this witness, to betray the confidence of his principal. But it has never been considered as an objection which the witness can make, and were it to be laid down as a general rule, that a person, standing in such a situation, could excuse himself from giving evidence, it is impossible to foresee the extent of the mischief which might arise from it. The objection cannot prevail.

The counsel for the plaintiff waived the examination of the witness. The plaintiff gave notice to the defendants to produce the accounts rendered to them by Barker & Annesley, in certain years, in relation to their joint purchases in tobacco. The accounts were now produced, but the defendants objected to their being read, upon the ground that they could not be evidence against them, to prove a partnership between Barker & Annesley, the point in issue between the parties.

BY THE COURT. These accounts having been rendered by Barker & Annesley to the defendants, and retained by them without objection, that appears, are proper to be offered in evidence; as much, and rather more so, than if Barker & Annesley had, in the presence of the defendants, declared the partnership.

The plaintiff then offered to give evidence of the acknowledgment of Annesley, that a partnership did exist between Barker & Annesley and the defendants, in the purchase of this tobacco.

BY THE COURT. The acknowledgment of a debt by one partner, will bind the other, because each is bound for the whole. But where the question is, whether a partnership exists or not, the acknowledgment of one of the defendants, or of a third person, is no evidence against the other. Overruled.

PETERS, District Judge, charged the jury; and after summing up the evidence, left to them the question, whether the partnership in this purchase was proved.

Verdict for the defendants.